UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20063-COOKE

UNITED STATES OF AMERICA, :
                        :
      Plaintiff, :
                        :
             v. :
                        :
AARON PATRICK HONAKER, :
                        :
      Defendant. :
. . . . . . . . . . . . . . . . . . . . . . . . . . :

**NOTICE OF FILING DOCUMENTS IN SUPPORT OF SENTENCING**

      PLEASE TAKE NOTICE that enclosed for filing are documents that undersigned may rely on during Mr. Honaker's sentencing.

                Respectfully Submitted,

                Paul D. Petruzzi
                **LAW OFFICES OF PAUL D. PETRUZZI, P.A.**
                8101 Biscayne Blvd., Ph-701
                Miami, FL 33138
                Tel: 305-373-6773
                Fax: 305-373-3832
                E-mail: petruzzi-law@msn.com

                By:     s/ Paul D. Petruzzi
                       **PAUL D. PETRUZZI, ESQ.**
                       Florida Bar No. 982059

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 29th day of November, 2021, all counsel of record were served with a copy of this notice of filing via CM/ECF.

                By:     s/ Paul D. Petruzzi
                       **PAUL D. PETRUZZI, ESQ.**
                       Attorney for Aaron Honaker

10/28/21, 2:32 PM

Lawyer Directory – The Florida Bar

View in new tab

# Aaron Patrick Honaker

Disciplinary Revocation

Not Eligible to Practice Law in Florida



**Bar Number:**

48749

**Mail Address:**

33 NE 4th St
Miami, FL 33132-2111

Office: **786-719-0371**

Cell: **786-719-0371** - No Text Messages

Fax: 786-272-7997

**Email:**

aaronhonaker@gmail.com

**Personal Bar URL:**

https://www.floridabar.org/mybarprofile/48749

**vCard:**



10/28/21, 2:32 PM                                    Lawyer Directory -- The Florida Bar

**County:**

Miami-Dade

**Circuit:**

11

**Admitted:**

01/31/2008

**10-Year Discipline History:**

Discipline cases that are public record are posted below. Select the reference number to view the Supreme Court Order and other related documents. Members of the public may obtain information about any disciplinary history older than 10 years by emailing **LRInfo@floridabar.org**   or by calling **(850) 561-5839**. The Media should call the Public Information Department at **(850) 561-5666**.

|                  | Action Date | Reference   |
|------------------|-------------|-------------|
| Disc Revocation  | 04/15/2021  | **202170232** |

The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about lawyers licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, The Florida Bar allows individual attorneys the opportunity to add personal and professional information to the directory. The lawyer is solely responsible for reviewing and updating any additional information in the directory. The lawyer's added information is not reviewed by The Bar for accuracy and The Bar makes no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents are not responsible for the accuracy of that additional information. Publication of lawyers' contact information in this listing does not mean the lawyers have agreed to receive unsolicited communications in any form. Unauthorized use of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.

Need legal help?

Take a look at our newly enhanced **Lawyer Referral Service site**.

▲

HOME / FLORIDA / CORAL GABLES / MARTINEZ MORALES ATTORNEYS AT LAW / ATTORNEY PROFILE

# Mr. Aaron P. Honaker



**Associate Attorney at Martinez Morales Attorneys at Law**

2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134
View Mr. Aaron P. Honaker's office location

| Peer Reviews | Client Reviews |
|---|---|
| No Reviews | No Reviews |

**Profile Visibility [ i ]**

#49 in weekly profile views out of 3,828 Attorneys in Coral Gables, FL.

# Biography

Aaron is a business litigator and trial lawyer who focuses his practice primarily upon the areas of business disputes, including complex commercial litigation, corporate reorganization, creditor's rights, workouts, receiverships, and all matters related to corporate and commercial relationships in federal and state courts. In addition to prev in major cases through dispositive motions, Aaron has tried several cases to favorable verdicts. Most recently, Aaron was lead counsel in the successful efforts to investig and recover the fraudulent transfer of millions of dollars overseas, including Switzerland, Hong Kong and the Isle of Man.

Formerly an associate at a Top 10 international law firm, Aaron has extensive experience in a wide range of litigation matters in construction, e-commerce, electronics, er financial services, real estate, and retail industries. Aaron also has represented trustees and other fiduciaries in a variety of corporate bankruptcy proceedings and has extensive experience prosecuting and defending complex and substantial fraudulent transfer and other avoidance claims under federal and state law.

**Significant Representations**

• Represented Florida Gaming Centers, Inc. and Casino Miami Jai-Alai in sale of substantially all assets for $155 million through Bankruptcy Court approved auction proce

• Represented trustee and successor agent to FDIC of 5th largest bank holding company failure in U.S. history and implemented plan of reorganization through a $1.6 bil equity infusion transaction with Merrill Lynch & Co., Inc. (now Bank of America, N.A.);

• Represented Bell Canada (as U.S. counsel) in the acquisition of all Canadian assets of Circuit City Stores, Inc., including over 750 retail operation stores throughout Can

• Represented Chapter 7 trustee of a foreign exchange trading company in avoiding and recovering over $9 million of fraudulent transfers for the benefit of the estate, including successful trial on the merits of a Section 548 avoidance action;

• Successfully defended Time Warner, Inc. and TMZ.com with respect to legal actions brought by Trustee for Lorraine Brooke Associates, Inc. estate (a Florida corporatio established and operated by O.J. Simpson and family) in connection with the alleged publication of manuscript of O.J. Simpson book "If I Did It?"

**Awards and Recognitions**

• Selected as part of the Super Lawyers Rising Stars 2012 Edition for South Florida

• Articles, Publications & Lectures

• "Supreme Court Ruling Opens Floodgates to Negligence, Fraud Claims," Daily Business Review, March 22, 2013

• "Virtual Abodes Considered for Serving Process," Daily Business Review, July 27, 2012

• "Can E-Discovery, Social Media Obligations and Ethics be Friends?" Daily Business Review, www.law.com, September 19, 2012

• "DIY eDiscovery: Is Your Organization Ready for an Extreme Makeover?" Corporate Compliance Insights Magazine, February 13, 2013

• Section 363 Sales, Author and Speaker â€" program covering a series of issues relating to the sale of assets pursuant to Section 363 of the Bankruptcy Code. Specifica the program addressed (i) Section 363 generally, (ii) credit bidding for assets, (iii) bidding incentives, (iv) sales to insiders, and (v) comparing asset sales under Section 363 asset sales under a plan of reorganization or liquidation, June 22, 2011

**Professional and Community Involvement**

• Member, The Florida Bar, Business Law Section

• Member, Bankruptcy Bar Association, Southern District of Florida

• Member, American Bar Association, Business Law and Sports and Entertainment Law Sections

• Member, American Bankruptcy Institute

• United Way of Miami-Dade â€" Young Leaders Executive Committee (2009)

• Mentor, Big Brothers Big Sisters of Greater Miami

| SEE LESS › |
| --- |

## Areas of Practice (10)

Complex Commercial Litigation   Corporate Reorganization   Creditors Rights   Complex Business Litigation   Real Property Litigation   Commercial Litigation
Avoidance Litigation   Bankruptcy Estate   Purchase and Sale of Assets   Financial Restructuring

## Education & Credentials

| | |
| --- | --- |
| Contact Information: | 305-340-0408  Phone<br>305-501-5011  Phone<br>786-272-7997  Fax<br>www.mmlawfl.com |
| University Attended: | Wake Forest University, B.B.A., Graduated first in class (4.0 GPA); Top Finance Major Award and Dean's Medal Recipie Delta Sigma Pi Award - Highest GPA, College of Business; Beta Gamma Sigma - President; Golden Key National Honc Society, 2001 |
| Law School Attended: | Wake Forest University School of Law, J.D., William I. Belk Scholar; CALI Excellence Award: Contracts, Civil Procedure Order of the Barrister, 2006 |
| Year of First Admission: | 2008 |
| Admission: | U.S. Bankruptcy Court for the Southern District of Florida; U.S. Bankruptcy Court for the Middle District of Florida; 200 Florida; U.S. District Court for the Southern District of Florida; U.S. District Court for the Middle District of Florida |
| Memberships: | The Florida Bar; American Bar Association. |
| Languages: | English and Spanish |
| ISLN: | 918962001 |

## Peer Reviews

This lawyer does not have peer reviews.

*Peer Reviews provided before April 15, 2008 are not displayed.

## Client Reviews

## Location

Coral Gables, FL
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134

305-340-0408 Phone
Get Directions

## Contact Mr. Aaron P. Honaker

\* Required Fields

**Choose Area of Practice \***

Select One

**First Name \***

**Last Name \***

**E-mail Address \***

**Describe Your Legal Matter \***

0/1000 characters

**Country \***

**Zip Code \***

**Phone Number \***

**Preferred Contact Method -** *optional*

Email     Email/Phone     Phone

**I am a -** *optional*

Attorney     Existing Client     Prospective Client

**Describe Your Legal Matter \***

0/1000 cha

**SEND MESSAGE**

Clear All I

By clicking on the "Submit" button, you agree to the Terms of Use, Supplemental Terms and Privacy Policy. You also consent to be contacted at the phone number you provided, including by autodials, t messages and/or pre-recorded calls, from Martindale and its affiliates and from or on behalf of attorneys you request or contact through this site. Consent is not a condition of purchase.

You should not send any sensitive or confidential information through this site. Emails sent through this site do not create an attorney-client relationship and may not be treated as privileged or confidential. lawyer or law firm you are contacting is not required to, and may choose not to, accept you as a client. The Internet is not necessarily secure and emails sent though this site could be intercepted or read by parties.

TRY IT FREE

NEWS

# Attorney accused of being 'serial bank robber,' busted on way to sixth robbery

By Lee Brown

October 22, 2020    7:50am



The FBI says Aaron Honaker, 41, of Miami, is suspected in at least five robberies or attempted robberies of South Florida banks.



LOG IN

**MORE ON:**
*BANK ROBBERIES*

**Suspect who shot NYC straphanger robbed bank 10 minutes earlier: cops**

**'Thief' caught after trying to rob same bank two days in a row: cops**

**Arizona man robs bank for single $100 bill, wanted to be arrested**

**Bank robbery foiled when teller can't read stickup note**

A Florida lawyer is accused of being a "serial bank robber," who was busted this week as he allegedly headed to his sixth raid, federal prosecutors said.

Aaron Honaker, 41, is accused of holding up five Miami banks since Sept. 30 — but only successfully getting cash in two of them, and even then only $1,850, the US Attorney's office said.

He was arrested after a detective spotted him downtown Tuesday — and was carrying a hammer and demanded notes as he confessed to heading to another planned robbery at a TD Bank, according to the Miami Herald, citing the criminal complaint.

Honaker is listed on the Florida Bar as a member in good standing. Both that and his LinkedIn page say he is with the Coral Gables-based firm of Martinez Morales — but the company told the Miami Herald he disappeared two years ago and never came back.

Duke University School of Law also denies he graduated from there, as he claims in his online profiles — with the Herald noting he is instead listed as having graduated from Wake Forest School of Law.

 **1** of **4** 



LOG IN





LOG IN

AO 458 (Rev. 06/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 1:10-cv-22024-PCH

|                        | )  |
|------------------------|----|
| ████████████,          | )  |
| Plaintiff,             | )  |
|                        | )  |
| v.                     | )  |
|                        | )  |
| ███████████, LLC       | )  |
|                        | )  |
| Defendant.             | /  |

## APPEARANCE OF COUNSEL

To:     *The Clerk of Court and All Parties of Record*

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for Plaintiff, ████████████████

**PLEASE TAKE NOTICE** that the law firm of ██████████████████████ ████ does hereby enter its appearance as counsel for the Plaintiff, ████████████ and respectfully requests that all notices, correspondence, pleadings, and any and all other pertinent data pertaining to the above-styled cause be forwarded to the undersigned.

Dated: April 18, 2012                         Respectfully submitted,

                                              ████████████████████████
                                              *Attorneys for Plaintiff,* ████
                                              500 S. Dixie Highway, Suite 302
                                              Coral Gables, Florida 33146
                                              Telephone: (305) 503-2990
                                              Facsimile: (305) 774-5908

                        By:     /s/ Aaron P. Honaker
                                Aaron P. Honaker
                                Florida Bar No. 48749
                                Aaron.Honaker@█████████████

## CERTIFICATE OF SERVICE

The undersigned, an attorney at the law firm of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮and duly admitted as an attorney to the United States District Court for the Southern District of Florida hereby certifies that copies of the foregoing *Appearance of Counsel*, were served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. Mail, postage prepaid, on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: April 18, 2012

/s/ Aaron P. Honaker
AARON P. HONAKER

Case ▓▓▓▓▓▓▓▓▓▓   Document 111   Entered on FLSD Docket 04/18/2012   Page 3 of 3

**Mailing Information for**
**Case** ▓▓▓▓▓▓▓▓▓
*Matienzo v. Mirage Yacht, LLC*

## Electronic Mail Notice List

- ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
- ▓▓▓▓▓▓▓▓▓▓▓▓▓
- ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## Manual Notice List

▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓.
770 Ponce De Leon Boulevard, Penthouse Suite
Coral Gables, FL 33134-4200
*Attorney for* ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓
121 Majorca Avenue ▓▓▓▓
Miami, FL 33134
▓▓▓▓▓

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ▮▮▮▮▮▮▮▮

| | |
|---|---|
| ▮▮▮▮▮▮▮▮, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ▮▮▮▮▮▮▮▮ | ) |
| | ) |
| Defendant. | / |

**JUDGMENT CREDITOR ▮▮▮▮▮▮▮▮ MOTION TO COMPEL
ATTENDANCE AT DEPOSITION IN AID OF EXECUTION AND
COMPLIANCE WITH SUBPOENA DUCES TECUM AND FOR
THE AWARD OF EXPENSES AND ATTORNEY'S FEES**

Judgment Creditor, ▮▮▮▮▮▮▮▮ ("▮▮▮▮") moves, pursuant to Rule 37 of the

Federal Rules of Civil Procedure, for the entry of an order compelling the judgment debtor

▮▮▮▮▮▮▮▮ ("▮▮▮▮") to comply with the Subpoena Duces Tecum in Aid of

Execution served on ▮▮▮▮▮▮ on April 5, 2012, by cooperating in the scheduling and

appearance at deposition, to produce documents requested in the Subpoena, and for the award of

expenses and attorney's fees as set forth below, and in support states:

1. This matter arises out of the Final Judgment (the **"Judgment"**) (DE #90) entered

in this case in favor of ▮▮▮▮ and against ▮▮▮▮ in the amount of $1,570,139.26, plus

post judgment interest.

2. ▮▮▮▮ is the owner and holder of the Judgment. Pursuant to his rights and

remedies and a judgment creditor, ▮▮▮▮ initiated post-judgment discovery proceedings to

attempt to enforce and collect on the Judgment through the Subpoenas.

3. Specifically, ▮▮▮▮ served ▮▮▮▮ and its principal, M▮▮▮▮▮▮▮

("▮▮▮▮") with subpoenas duces tecum to attend deposition in aid of execution and to produce

documents on April 9, 2012 and April 5, 2012, respectively (the "**Subpoenas**").  Copies of the

Subpoenas are attached hereto as composite **Exhibit "A."**  Copies of the returns of service in

connection with the Subpoenas and evidencing proper service thereof are attached hereto as

composite **Exhibit "B."**

4.     The Subpoenas mandated that ██████████ and/or ██████ appear at the offices

of undersigned counsel for a deposition in aid of execution on April 18, 2012.  In addition,

██████████ and/or ████████ were required to produce documents responsive to the requests

contained in the Subpoena on or before April 17, 2012.

5.     In a show of contempt for this Court and this process, ██████████ and ██████

both failed to comply with the Subpoenas by refusing to produce requested documents and

failing to attend the deposition.

6.     One day prior to the scheduled deposition, undersigned counsel was contacted by

███████████████ – who, upon information and belief also happens to be ██████'s

spouse – with respect to settling the outstanding balance due and owing under the Judgment.  It

is unclear whether ██████████ was acting in her capacity as counsel for ████████████████

or as ██████ wife.  In any event, ████████ did not agree to any extensions of time relating to

the deposition or the production of documents required under the Subpoenas.

7.     ██████████ and ██████ have both undermined this Court's ability to manage

discovery in this case and hampered ██████████ ability to obtain discovery that is essential to

enforcing and collecting on the Judgment.  Further, ██████████ and ████████ refusal to

comply with the Subpoenas has caused ██████████ to expend needless resources in drafting this

Motion seeking discovery that the Federal Rules of Civil Procedure require ██████████ and

██████ to produce (and attend in the case of the deposition) automatically.  Finally, ████████

2

███████████ unwarranted refusal to comply with the Subpoenas continues to delay the enforcement of the Judgment and severely undermines the credibility of ████████████ and ████████ purported interest in settling the amounts due and owing under the Judgment.

8.    Accordingly, ████████ submits that ████████████ is required to pay for his reasonable expenses incurred in connection with this Motion, including attorney's fees. When a motion to compel is granted, it is mandatory for the court to require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred, including all attorney's fees. Fed. R. Civ. P. 37(a)(4).

9.    Undersigned counsel certifies that he has made good faith efforts to resolve these matters but has been unable to do so – primarily due to the evasive tactics employed by ████████ ██████ and █████ – thereby requiring this Motion and this Court's intervention.

WHEREFORE, ████████ respectfully request that this Court enter an order (i) compelling ████████████ to cooperate with ████████ in the scheduling and attendance at deposition and to produce the documents requested in the Subpoenas, (ii) awarding the expenses incurred by ████████ in connection with this Motion, including, all attorney's fees; (iii) requiring ████████████ to pay the expenses incurred by ████████ in connection herewith; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: April 23, 2012   Respectfully submitted,

*Attorneys for Plaintiff,* ▓▓▓▓▓▓▓▓▓▓
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email: Aaron.Honaker@InfanteZumpano.com


By:    s/ Aaron P. Honaker    
   Aaron P. Honaker
   Florida Bar No. 48749


## CERTIFICATE OF SERVICE

 The undersigned, an attorney at the law firm of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and duly admitted as an attorney to the United States District Court for the Southern District of Florida hereby certifies that copies of the foregoing *Appearance of Counsel*, were served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. Mail, postage prepaid, on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: April 23, 2012


   /s/ Aaron P. Honaker    
   AARON P. HONAKER



**Mailing Information for**
**Case ▮▮▮▮▮▮▮▮▮▮▮▮▮▮**
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## Electronic Mail Notice List

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## Manual Notice List

▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
770 Ponce De Leon Boulevard, Penthouse Suite
Coral Gables, FL 33134-4200
*Attorney for* ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮
121 Majorca Avenue ▮▮▮▮▮▮
Miami, FL 33134
▮▮▮▮▮▮▮▮

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. ▇▇▇▇▇▇▇▇▇▇

|  |  |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ▇▇▇▇▇▇▇▇▇▇▇▇ | ) |
| | ) |
| Defendant. | / |

**JUDGMENT CREDITOR ▇▇▇▇▇▇▇▇▇▇▇▇▇ RESPONSE
TO OBJECTIONS TO SUBPOENA DUCES TECUM FILED BY**
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Judgment Creditor, ▇▇▇▇▇▇▇▇▇▇ ("▇▇▇▇▇▇") responds to (i) *Mirage Yacht, LLC's Objection to Documents Requested in Subpoena Dated April 2, 2012*, (DE #116)(the **"LLC Objection"**), (ii) ▇▇▇▇▇▇▇▇▇▇▇ *Objection to Documents Requested in Subpoena Dated April 2, 2012*, (DE #117)(the **"Inc. Objection"**), and (iii) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *to Produce Documents Requested in Subpoena Dated April 2, 2012*, (DE #118)(the ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ and together with the LLC Objection and the Inc. Objection, the **"Objections"**), and in support states:

1.      This matter arises out of the Final Judgment (the **"Judgment"**) (DE #90) entered in this case in favor of ▇▇▇▇▇▇▇ and against judgment debtor ▇▇▇▇▇▇▇, LLC (**"LLC"**) in the amount of $1,570,139.26, plus post judgment interest.

2.      ▇▇▇▇▇▇ is the owner and holder of the Judgment.  Pursuant to his rights and remedies as a judgment creditor, ▇▇▇▇▇▇ initiated post-judgment discovery proceedings to attempt to enforce and collect on the Judgment through the Subpoenas issued and served on (i) LLC, (ii) ▇▇▇▇▇▇▇▇▇, (**"Inc."**) and (iii) ▇▇▇▇▇▇▇▇("Hatami").



A.    ████████████████Subpoena/Objection

3.      Specifically, LLC was served with a subpoena *duces tecum* to attend deposition in aid of execution and to produce documents on April 5, 2012.

4.      The Subpoena mandated that LLC, through its corporate representative appear at the offices of undersigned counsel for a deposition in aid of execution on April 18, 2012. In addition, LLC was required to produce documents responsive to the requests contained in the Subpoena on or before April 17, 2012.

5.      In a show of contempt for this Court and this process, LLC failed to comply with the Subpoena by refusing to produce requested documents, failing to attend the deposition and failing to communicate in any fashion with ███████ regarding the Subpoena, thereby prompting the need for ██████ motion to compel at issue herein.

6.      The LLC Objection raises a number of meritless objections to certain of the document requests contained in the Subpoena. ████████ will address each of these objections below.

7.      First, it is important to note, as an axiomatic principle of Florida law[1], that "a judgment creditor should be allowed broad discovery in aid of execution into the debtor's finances...even if the discovery concerns property jointly owned with others." *Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems Ltd. P'ship*, 526 So.2d 177, 179 (Fla. 2d DCA 1988).

8.      The LLC Objection baldy asserts that the requests set forth in paragraphs 23(a), 23(c), 23(d), 25, 36 are "overbroad and irrelevant and/or likely to lead to the discovery of

---

[1]   Federal Rule of Civil Procedure 69(a) provides the process by which a judgment creditor can enforce a money judgment and authorizes post-judgment discovery in aid of execution of that judgment. Fed. R. Civ. P. 69(a) itself does not prescribe a practice and procedure for gathering evidence, but gives the judgment creditor the choice of federal or state discovery rules. Rule 69(a) simply authorizes a setting, post-judgment execution, in which discovery may take place, not the specific manner or procedures in which testimony should be taken or documents should be produced. *See, e.g., In re Clerici*, 481 F.3d 1324 (11th Cir. 2007). Thus, Florida law is applicable to the issues at bar.



admissible evidence," LLC Objection at ¶ 1, without specifying any reason or providing any substance for such an objection.

9. As the party resisting discovery, LLC "has the burden to demonstrate specifically how the request is unreasonable or not relevant." *Adelman v. Boy Scouts of America*, 2011 WL 1930427 at *4 (S.D. Fla. 2011); *see generally, Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974); *Desrosiers v. MAG Industrial Automation Systems, LLC*, 675 F.Supp.2d 598, 602 (D.Md.2009) (noting a distinction in burdens between party resisting discovery — who must specifically explain why relevancy objection is proper and why the discovery is *improper* — and party offering evidence at trial — who bears the burden of demonstrating that the evidence is *proper* and relevant).

10. LLC's argument that the requests "intrude into the confidential matters related to Mr. [redacted] .or that of his relatives, including but not limited to his wife" is not persuasive. LLC Objection at ¶ 2. "The purpose of discovery is to allow a broad search for facts ... or any other matters which may aid a party in the preparation or presentation of his case,' " and, while subject to relevance, undue burden, overbreadth, and privilege limitations, "the Rules ... permit 'fishing for evidence.' " *AIG Cent. Ins. v. O'Neill*, 2010 WL 4116555 at *3 (S.D. Fla. 2010).

11. Moreover, even the case law cited in the LLC Objection belies LLC's arguments set forth therein. Specifically, LLC cites to *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189 (Fla. 2003) in support of the proposition that the requests set forth in paragraphs 23(a), 23(c), 23(d), 25, 36 of the Subpoena are "not discoverable." LLC Objection at ¶ 3. In a parenthetical, LLC notes (correctly) that "personal financial information discoverable after judgment against said individual or only if relevant to action's subject matter." Interestingly,

3

LLC's use of this parenthetical and citation to *Friedman* bolsters ▓▓▓▓▓▓ argument that the documents requested in the Subpoena are discoverable.

12.     *Friedman* holds that:

> While the general rule in Florida is that personal financial information is ordinarily discoverable ***only in aid of execution after judgment has been entered***), where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, ***and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party***.
>
> [W]e do not ignore petitioner's valid privacy interest in avoiding unnecessary disclosure of matters of a personal nature. ***We believe, however, that our discovery rules provide sufficient means to limit the use and dissemination of discoverable information via protective orders***.

*Friedman*, 863 So.2d at 194 - 195 (emphasis added).

13.     Here, the requests set forth in paragraph 23 are relevant to the financial condition of LLC – the judgment debtor herein – and any interests LLC holds or once held in certain assets, as well as any potential transfers made by LLC to avoid attachment and execution of the Judgment. In fact, paragraph 23 of the Subpoena requests documents of LLC, not ▓▓▓▓▓ his wife, or any other person in direct contradistinction to LLC's assertion that the requests seek "personal and sensitive information related to ▓▓▓▓▓▓▓▓▓ and his family which is not discoverable under Florida law." LLC Objection at ¶ 3.

14.     For ease of reference and this Court's convenience, paragraph 23 of the Subpoena is set forth in its entirety below:

> Except as already produced in response to the preceding production requests above, **Judgment Debtor's and/or Your** original file of asset transfers, sale/purchase orders, loans, gifts, invoices, credit memos dividend payments, compensation payments, stock redemption and other documents

4



**reflecting any and all transactions between any/or all Judgment Debtors** and:

a. any business entity in which ▮▮▮▮▮▮▮▮▮ possessed any interest (equitable or otherwise) during the last five years;

b. any business entity in which any Judgment Debtor possessed any interest (equitable or otherwise) during the last five years;

c. any business entity in which any shareholder, partner, officer or director of Judgment Debtor possessed any interest (equitable or otherwise) during the last five years; and

d. any business entity in which any or ▮▮▮▮▮▮▮▮▮ family and/or relatives possessed any interest (equitable or otherwise) during the last five years.

Paragraph 23 of the Subpoena (emphasis added). Clearly, paragraph 23 requests documents belonging to LLC which is within the scope of the Federal and Florida Rules of Civil Procedure.

15. The same holds true with respect to LLC's objections to paragraphs 25 and 36 of the Subpoena. Specifically, paragraph 25 of the Subpoena requests:

The accounts receivable ledger and all other records which set forth the names and addresses of all person and/or business enterprises that are indebted to any business enterprise(s) **in which Judgment Debtor possess(ed) any interest or for which** ▮▮▮▮▮▮▮▮▮ **is (was) an Affiliate, officer, director, co-partner, member, unit owner, or joint venturer during the last five years.**

16. And paragraph 36 requests:

**All Documents showing credit card bills or other expenses paid by Judgment Debtor** for purchases made by ▮▮▮▮▮▮▮▮▮ during the last five years.

17. As reflected above, these paragraphs uncontrovertibly show that it is the records and information of LLC – not ▮▮▮▮▮ or any other individual – that are at being requested. As such, LLC's objections to paragraphs 23, 25, and 36 are without merit and must be overruled.



18.     The other objections lodged by LLC are similarly without merit and, quite candidly, do not warrant undersigned counsel's or this Court's time or indulgence. Suffice it to say that if the Court is inclined to sustain the objections to paragraphs 38 through 41 simply because the Subpoena requests that LLC "list" the requested information as opposed to producing it, ████████ will immediately amend the Subpoena accordingly and also propound interrogatories on LLC.

          **B.**    **The ██████████ Subpoena/Objection**

19.     Pursuant to this Court's request in its *Order for Expediting Responses* (DE #119), a copy of the Subpoena served upon Inc. is attached hereto as **Exhibit "A."**

20.     ████████ hereby adopts and incorporates the arguments set forth in Section A above relating to LLC to the extent the Inc. Objection duplicates or reasserts identical objections as the LLC Objection.

21.     To the extent that the Subpoena served on Inc. is duplicative of the LLC Subpoena, ████████ will withdraw the Subpoena and accompanying document request while reserving all rights with respect to future Subpoenas and discovery requests to Inc.

22.     Further, ████████ does not agree with, nor consent to the assertion that "[Inc.] is a separate and distinct entity from Judgment Debtor." Inc. Objection at ¶ 3. In fact, one need look no further than the addresses reflected on the Florida Department of State's Division of Corporation website. **Notably, both Inc. and LLC have the principal address of ████████ ████████████████████████.**

6

C.   The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23.   ▮▮▮▮▮ hereby adopts and incorporates the arguments set forth in Section A above relating to LLC to the extent the ▮▮▮▮▮Objection duplicates or reasserts identical objections as the LLC Objection.

24.   To the extent that the Subpoena served on ▮▮▮▮▮is duplicative of the LLC Subpoena, ▮▮▮▮▮will withdraw the Subpoena and accompanying document request while reserving all rights with respect to future Subpoenas and discovery requests to ▮▮▮▮▮

25.   Further, ▮▮▮▮▮ does not agree with, nor consent to the assertion that "[Inc.] is a separate and distinct entity from Judgment Debtor." Inc. Objection at ¶ 4.  In fact, one need look no further than the addresses reflected on the Florida Department of State's Division of Corporation website. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

WHEREFORE, ▮▮▮▮▮respectfully request that this Court enter an order (i) overruling the LLC Objection; (ii) overruling the Inc. Objection; (iii) overruling the Hatami Objection; (iv) compelling LLC to cooperate with ▮▮▮▮▮in the scheduling and attendance at deposition and to produce the documents requested in the Subpoenas, (v) awarding the expenses incurred by ▮▮▮▮▮ in connection with his motion to compel, including, all attorney's fees; (vi) requiring LLC to pay the expenses incurred by ▮▮▮▮▮in connection herewith; and (vii) granting such other and further relief as this Court deems just and proper.



Dated: June 11, 2012                    Respectfully submitted,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email: Aaron.Honaker@InfanteZumpano.com

By: _____ /s/ Aaron P. Honaker _____
           Aaron P. Honaker
           Florida Bar No. 48749

### CERTIFICATE OF SERVICE

    The undersigned, an attorney at the law firm of ▓▓▓▓▓▓▓▓▓▓▓ and duly admitted as an attorney to the United States District Court for the Southern District of Florida hereby certifies that copies of the foregoing were served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. Mail, postage prepaid, on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: June 11, 2012

           _____ /s/ Aaron P. Honaker _____
               AARON P. HONAKER

**Mailing Information for**
**Case 1:10 ████████████████**
████████████████████████

## Electronic Mail Notice List

- ████████████████ ████████████████
- ████████████████ ████████████████ ████████████████
- ████████████████ ████████████████ ████████████████
  ████████████████

## Manual Notice List

████████████████
████████████████
770 Ponce De Leon Boulevard, █████████
Coral Gables, FL 33134-4200
████████████████

████████████████
████████████████
121 Majorca Avenue, █████████
Miami, FL 33134
████████

████████████████
████████
3850 Bird Road, suite 901
Miami, FL 33146
████████████████